GEORGE D. MOORE, Respondent, v. JEFFERSON CITY LIGHT, HEAT AND POWER COMPANY, ·Appellant.

Kansas City Court of Appeals, April 29, 1912.

1. **NEGLIGENCE: Explosion: Damages.** Plaintiff sued for damages to his property by the explosion of dynamite caps, which had been put under his porch by an employee of defendant as a convenient place to leave them over night instead of bringing them back to defendant's office as he was instructed to do when he quit for the day. He had been using the dynamite caps in digging a lamp post and had several caps left over. A short time before the explosion plaintiff's little boy was shooting Roman candles near by. *Held*, that the act of the employee was *within the scope of his authority* and his negligence was the proximate cause of the damages, making the master liable therefor.

2. —————: **Proximate Cause.** The act of defendant's servant in placing the dangerous material under plaintiff's porch was negligence and notwithstanding the act of the boy in exploding the Roman candles concurred to produce the injury, the explosion of the dynamite would not have occurred had it not been for the negligence of the servant. The proximate cause is the predominating cause that produces the result.

3. **MASTER AND SERVANT: Scope of Authority: Evidence.** The rejection of evidence tending to show nothing more or less than a disobedience by the servant of instructions and a violation of the custom in caring for explosives in his charge, was not error. As long as he had the explosives in his charge he was acting within the scope of his authority and the master was liable for his error in depositing it in the wrong place instead of the right one.

Appeal from Cole Circuit Court.—*Hon. John M. Williams*, Judge.

AFFIRMED.

*Silver & Dumm* for appellant.

(1)    The act of Carter, defendant's servant, in placing the box and its contents under plaintiff's

porch, not being within the course or scope of his employment in defendant's business, plaintiff cannot recover in this action and the demurrers to the evidence should have been sustained. Snyder v. Railroad, 60 Mo. 413; Cousins v. Railroad, 66 Mo. 572; Fougue v. Burgess, 71 Mo. 389; Stringer v. Railroad, 72 Mo. 62; Barber v. Railroad, 116 Mo. 81; Walker v. Railroad, 121 Mo. 575. (2) The act of the little boy, plaintiff's son, was the proximate cause of the injury, and plaintiff is precluded from recovery for this reason, and the demurrers to the evidence should therefore on this ground have been sustained. Luehrmann v. Gas Light Co., 127 Mo. App. 214; Kappes v. Shoe Co., 116 Mo. App. 155; Afflict v. Bates, 21 R. I. 281; Insurance Co. v. Boone, 95 U. S. 117; Beckam v. Railroad, 127 Ga. 550; The Santa Rita, 173 Fed. Rep. 413; Railroad v. Kellogg, 94 U. S. 469; Barrett v. Railroad, 138 Mo. App. 135; Henry v. Railroad, 76 Mo. 293.

*Irwin & Peters* and *J. Porter Henry* for respondent.

The act of Carter in placing the dynamite under the porch of plaintiff was an act within the scope of his employment, and the question was fairly submitted to the jury. Chandler v. Gloyd, 217 Mo. 412; Barree v. Cape Girardeau, 197 Mo. 391; Harrison v. Light Co., 195 Mo. 606; Herold v. Bryan, 195 Mo. 574; Haehl v. Railroad, 119 Mo. 325; Ephlam v. Railroad, 137 Mo. 187. The negligence of the defendant's servant in placing the dynamite beneath plaintiff's porch amid rubbish and combustible material, and allowing the same to remain there in exposed condition for sixteen hours, was the proximate cause of the injury. Harrison v. Light Co., 195 Mo. 606; Meade v. Railroad, 68 Mo. App. 92; Nelson v. McClellan, 31 Wash. 208; Mansfield v. Richardson, 118 Iowa 250. In the handling of a dangerous instrumentality the party is charged with that degree of care commensurate with

the danger or injury it is liable to occasion, and if he fails, it is negligence. 1 Sherman and Redfield on Negligence (5 Ed.), sec. 12; Harrison v. Light Co., 195 Mo. 628; McFern v. Gardner, 121 Mo. App. 10; Nelson v. McClellan, 31 Wash. 208.

BROADDUS, P. J.—This is a suit to recover damages for the alleged result of defendant's negligence. The plaintiff in the month of May, 1911, was engaged in the grocery business on Clark avenue in Jefferson City. His house was a combined one for a residence and for business, the residence being on the south part and his store on the north part of the building. There was a porch on part of the front of the building, at the south end of which there was an opening of about two feet.

The defendant is and was a corporation and, as such, was engaged in the manufacture and distribution of electricity and electric power in said city. Albert Carter, who was working for the defendant on the corner of Clark avenue and Elm street, was using dynamite caps and fuse in connection with digging a hole for a lamp post. He had three or four sticks of dynamite and some caps and fuse left over that day, which he put in a wooden box and which he placed under plaintiff's porch at the opening as far back as he could reach. He placed it on an old sack and covered it up with a part of the sack. The reason he did not take it back to the defendant's office at the close of the day was because it was a little out of his way, as he lived out in that end of the town and thought it would be convenient to him to leave it out there; and he did not think defendant's office would be open by the time he could get there. On the next day, the 23d of May, the dynamite exploded causing great damage to plaintiff's property and severely injuring plaintiff's wife. Plaintiff saw the explosion. A Mr. Schneider, who was standing in front of the building,

called plaintiff's attention to a fire under the porch, and he ran out to see what was the matter, and saw some smoke and started towards it, but the explosion occurred just before he got to it. A short time before the explosion plaintiff's little boy was shooting Roman candles near the point of explosion. A witness stated: "The boy was at the end of the porch out from the box. He shot them all off right in front of the porch, and the fire was so close to the box, I should judge it could be communicated to the box. The explosion followed in a few minutes."

The defendant offered to show that Carter asked and obtained permission from plaintiff's wife to put the dynamite under the porch, which offer, upon plaintiff's objection, was refused. The defendant further offered to show, "that defendant carried on work of that kind and would give an order to its workman to get just what was needed for the day's work, and then if any was left over it was the instruction of the defendant's managing officers to the workman to return the same to defendant's office; that defendant had a place in its office building to keep what surplus was left over, and that it had been the uniform practice for its workman to so treat the dynamite and act that way." This offer was rejected by the court.

The defendant tendered as evidence a certain ordinance of the City of Jefferson, which provides that: "No person shall, within this city, set off or discharge any rockets or other fireworks without the written consent of the mayor, in which he shall specify the time and place, when and where it may be done." It was admitted by plaintiff that no such consent for the boy to discharge rockets or fire works had been given by the mayor. Upon the objection of the plaintiff the court refused to admit the ordinance as evidence.

It was shown that dynamite will ignite from the jar of the cap, if the cap is attached, and that caps

are ignited with a fuse connected with a cap, and that any spark or blaze will ignite it. The evidence tends to support the theory that the fire was communicated to the explosive material by sparks from the rockets exploded by plaintiff's boy. The judgment was for the plaintiff in the sum of $2000 from which defendant appealed.

The points relied on for reversal are: First. The court was in error in overruling defendant's offer of evidence. Second. In refusing defendant's demurrer to plaintiff's case at the close of the testimony. Third. In giving instructions 2 and 5 for plaintiff.

Instruction 2 reads as follows: "The court instructs the jury that if you find for the plaintiff, then you may assess his damages at what as shown by the evidence will compensate him for the injury done to his brick building, not to exceed the sum of $2000, and such sum as will compensate him for the damage done to his furniture and household goods, not to exceed $700, and such sum as will compensate him for the damage done to his automobile and other personal property about the premises, not to exceed $100, and such sum as will compensate him for the damage to his merchandise, together with such loss and damage to his business as was caused by a temporary suspension thereof, if you find that his business was so suspended, not to exceed $700."

Instruction 5 reads as follows: "The court instructs the jury that by the terms, 'natural and proximate cause,' is meant the natural and probable consequences of the act complained of."

We will only notice such objections to the ruling of the court upon the rejection of certain evidence as we think are material. It is insisted that the court erred in refusing to permit defendant to show that the act of Carter, in placing the dynamite under plaintiff's porch and in not returning it to its customary place of storage in defendant's office building, was a

violation of defendant's instructions and practice in the handling of said dynamite; and that such act was not within the scope of his authority. In support of this theory we are cited to twenty-nine decisions, ten of which are Missouri cases. Among them is the case of Snyder v. Ry. Co., 60 Mo. 413. And as we think it states the law correctly we insert the syllabus as follows: "The rule is firmly established that the master is civilly liable for the tortious acts of his servants whether of omission or commission, and whether negligent, fraudulent or deceitful, when done in the course of his employment, even though the master did not authorize or know of such acts, or may have disapproved of or forbidden them. But the act must be done not only while the servant is engaged in the service he is employed to render, but it must pertain to the particular duties of that employment," etc. So far as we are advised this rule has been followed up to the very latest expressions of every appellate court in the state. It was held in Redd v. Railroad, 161 Mo. App. 522, "that if the agent commits a tortious or negligent act while in the performance of a particular business entrusted to him by his master, he is acting within the scope of his authority and in the furtherance of the performance of his duty." It is admitted that Carter was in the employ of defendant, and that he was acting for defendant in using the explosive to blast holes for lamp posts; and it is further admitted that he had the care and custody of what was left over at the close of the day's work, but it is contended that, as he did not follow the usual custom in such cases and return it to the office of defendant, but disobeyed such instruction and violated the custom, he thereby went outside of the course of his employment and his act in depositing the explosive under the porch of plaintiff was his own tortious act and not the act of defendant. The law of the case quoted is a complete refutation of defendant's con-

tention. The acts tendered went to show nothing more nor less than a disobedience by Carter of his instructions and a violation of the custom in caring for the explosive in his charge. As long as he had the explosives in his charge he was acting within the scope of his authority. Instead of depositing it in the right place he deposited it in a wrong one, but that was an error for which his master, under all the authorities, was liable.

In McCarthy v. Timmins, 178 Mass. 378, it is said: "A driver of a public carriage is not acting within the scope of his employment, who, when ordered to drive to the stable, his day's work being done, turns out of his course and drives some distance in an opposite direction in order to visit a saloon to get a drink, and there leaves his horses unattended, and his employer is not liable to a traveller on the highway injured by reason of the horses running away on account of the driver thus leaving them." Other similar cases are cited. It is sufficient to say that they have no bearing on the facts of this case, as the circumstances are not similar.

It is claimed that the firing of the Roman candles by the boy was the proximate cause of the injury. For a solution of this question our attention is called to decisions in a number of cases. The courts have been unable to give a satisfactory definition of the term "proximate cause," and the same difficulty, of course, applies to the term "remote cause;" and there can be no fixed rule that can be applied to all cases. What is said in Johnson v. Northwestern Ex. Co., 51 N. W. 225, we believe is applicable and states the law correctly, viz.: "Where the negligence of the defendant and the act of a third person concurred to produce the injury complained of, so that it would not have happened in the absence of either, the negligence was the proximate cause of the injury."

The rule stated in Shearman and Redfield on Negligence was approved in Dickson v. Ry. Co., 124 Mo. 140, which is that: ''The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new cause, produces that event, and without which that event would not have occurred. Proximity, in point of time or space, however, is not part of the definition. That is of no importance, except as it may afford evidence for or against proximity of causation.'' It is certain that the act of defendant's servant in placing the dangerous material under plaintiff's porch was negligence, and notwithstanding the act of the boy in exploding the Roman candles concurred to produce the injury, the explosion of the dynamite would not have occurred had it not been for the negligence of the servant. ''The proximate cause is not necessarily the immediate cause, but the culpable act in the chain of causation nearest the injury.'' [Boyce v. C. & A. Ry. Co., 120 Mo. App. 160.] The proximate cause is the predominating cause that produces the result. [Driskell v. Ins. Co., 117 Mo. App. 362.]

The disposition of this question also disposes of the further contention that the court erred in excluding the city ordinance prohibiting the setting off or discharge of rockets or other fireworks within the city without the written consent of the mayor—the firing of the rockets not being the proximate cause of the explosion.

The objection to instruction 2 given for plaintiff is that it authorizes the recovery of double damages, to-wit, ''For damage done to his automobile and other personal property about his premises,'' and of ''such sum as will compensate him for the damage to his merchandise.'' We do not think the instruction is subject to the construction put upon it by defendant. The jury were instructed, first, to compensate plain-

tiff for the damage done to his building; second, to
the damages done to his furniture and household
goods and other personal property about his premises,
and for the damage done to his merchandise, and for
the damage he suffered by the temporary suspension
of his business. It is true merchandise is personal
property, but it is a species of such and distinguishable
from other personal property, and is referred to in the
evidence and in the instruction in such a manner that
the jury could not have confounded it with other and
different personal property. The only personal prop-
erty about the premises and not inside of the house
or porch, except the automobile, were automobile tools
valued at from three dollars to five dollars. The jury
could scarcely have made a mistake as to that matter,
and, if they did, it was so small that it should not have
the effect of overturning their verdict.

We agree with the appellant that instruction 5
given for plaintiff is meaningless and altogether use-
less, but harmless as an abstract proposition of law.
The court had in instruction 1 submitted the case to
the jury on the facts and had left it to them to say
whether the act of defendant's servant in placing the
dynamite under the plaintiff's porch was the natural
and proximate cause of the injury. But defendant is
in no condition to complain because it was left to the
jury to determine whether the act of the servant was
the natural and proximate cause of the injury, because
we hold that, under the undisputed evidence, the act
of the servant was the natural and proximate cause
of the injury and the court should have so instructed
the jury. The term "natural and proximate cause"
had no place in an instruction. The jury should have
been told, if certain facts were established, the verdict
should be for plaintiff if in the opinion of the court,
as a matter of law, they went to show that the act of
the servant was the natural and proximate cause of
the injury. But the error could not affect the plain-

tiff's right to a verdict. In our opinion the only office of the jury in the case under the undisputed facts was to estimate plaintiff's damages. The judgment being for the right party the cause is affirmed. All concur.