## JOHN VILLS v. CITY OF CLOQUET.[1]

November 1, 1912.

Nos. 17,679—(30).

**Negligence in storing explosives.**

Defendant kept a quantity of explosive fuse caps in a tool house on a lot in the city. Boys went into the tool house through an opening in the loose stones used as a foundation, took the caps, and threw them on the ground outside of the house. Plaintiff's six-year-old son, in playing about the premises, found one of the caps, and was injured by its explosion while he was playing with it. It is *held:*

1. The evidence sustains a finding that the defendant was negligent in storing the fuse caps in the tool house without sufficient precautions to prevent children from entering and taking them.

2. It was a question for the jury whether such negligence was the proximate cause of the injury, and the evidence sustains the verdict on this point.

3. Allegations of the pleadings construed and held that the answer admitted that plaintiff had caused due service of a notice of the time, place and circumstances of the accident to be served upon the proper city officers.

Action by John Vills, as the father and natural guardian of John

1 Reported in 138 N. W. 33.

Note.—As to liability for injury to children from explosives left accessible to them, see notes in 14 L.R.A.(N.S.) 586; 24 L.R.A.(N.S.) 1257.

W. Vills, his infant son of six years, in the district court for the county of Carlton, to recover $25,000 for the benefit of the son. The complaint, among other allegations, averred that it was the duty of defendant city under the laws of the state and its charter, if, in the prosecution of its public work, it was required to use dynamite fuse caps, fuses or other explosives, carefully to handle them and, when the same were not being used, safely and carefully to house and store them in such manner that the same could not be gotten at, or secured, in any way by children or any other person who might endanger their lives and limbs by the thoughtless or ignorant use of such explosives, and such was its duty toward the public and especially to the minor son of plaintiff, and other children of like age; that it wholly and negligently failed to perform this duty. The complaint then set up the facts mentioned in the opinion, and alleged that the fuse caps were composed of brass or copper, making a bright metal, and were especially attractive to and [eagerly] sought by children for purposes of play, a fact which defendant in the exercise of reasonable care should have especially guarded against in the storage of caps in its store house, and such was its duty toward the public, and especially toward plaintiff's son and other children of similar age and inexperience, all of which reasonable care plaintiff failed to exercise in the premises. The answer admitted that John W. Vills was injured, alleged that defendant did not know the manner of said injury and therefore denied the same. It also contained the allegations quoted in the opinion on page 282. The reply was a general denial.

The case was tried before Dancer, J., who denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $2,250. From an order denying defendant's motion for judgment notwithstanding the verdict and in part granting its motion for a new trial, upon the issue whether due notice of the injury was served upon the city, defendant appealed. Order denying judgment notwithstanding the verdict and denying a new trial affirmed. Order granting a new trial on the issue of notice to the city reversed, with directions to the trial court to enter judgment on the verdict.

*J. A. Fesenbeck* and *Baldwin & Baldwin,* for appellant.
*John A. Keyes* and *Bert W. Forbes,* for respondent.

BUNN, J.

This action was brought by plaintiff, as the father and natural guardian of his six-year-old son, to recover for personal injuries received by the latter through the explosion of a fuse cap with which he was playing. The trial resulted in a verdict of $2,250 in favor of plaintiff. Defendant moved for judgment notwithstanding the verdict or for a new trial. The motion for judgment was denied, and the motion for a new trial granted solely upon the issue as to whether due notice of the time, place and circumstances of the injury was served upon the defendant city, as required by statute. Defendant appealed from the whole of this order, and plaintiff appealed from that part of the order which granted a new trial on the issue named.

The chief question, on defendant's appeal, is whether a case was made for the jury, and if so, whether the evidence sustains the verdict. The evidence justified a finding that the following facts were true:

In April, 1910, defendant, the city of Cloquet, set up a stone crusher and tool house near a stone quarry on a vacant lot near the city for the purpose of quarrying and crushing stone for street improvements. The crusher stood near the road, and was supplied with stone from the quarry by means of a miniature railway track and cars. The tool house stood about forty feet back from the road. A wire fence surrounded the lot, but part of the wires were down at a point near where the crusher was, and access to the lot and tool house through this opening was easy. The tool house was about fourteen feet square and nine feet high, and had a door and two windows. It rested on stones placed under the corners; loose stones were also placed under the sides and ends of the shed; there was no floor to the tool house and the stones were for the purpose of guarding against theft of the tools. The city of Cloquet completed its work about July 1, 1910, and abandoned the premises, leaving the tool house locked, and the windows fastened. In September, 1910, the Cloquet Lumber Company, by permission of the city and under its supervision, used the crusher and tool house. This work was completed in October. After this no use was made of the crusher or tool house,.

but they remained on the premises, with no supervision save one or two visits by employees of the city. In the spring of 1911, boys occasionally visited the premises, and played with whatever pleased their fancy. About a month prior to the accident some boys entered the tool house by going through a hole between the stones under it, and carried away lubricating oil found in a barrel. Two or three days before the accident two boys entered through the hole and took some fuse caps from a box that stood on a shelf under one of the windows. This box of caps, with wires protruding from them had been left in this position in the tool house by defendant. The boys brought out the caps they had taken, and threw them at a companion who had climbed a tree near the house. Two days after this, John Vills, son of plaintiff, with other boys, was playing around the house. He found one of the caps on the ground. It was bright and attractive, and he proceeded to hammer it with a stone, to "flatten it out," as he testified. The result was that the cap exploded and a piece struck him in the eye, causing the injuries for which damages were claimed in this action.

The evidence showed that it was customary for small boys to play about the crusher, tracks and shed. The Vills boy had been a visitor to the premises on one or two prior occasions. It did not appear that defendant took any steps, other than as stated, to keep boys from playing around the premises, or from entering the house through the hole between the stones, though the evidence was sufficient to make it probable that this way of entrance had existed for several months.

Was the evidence, an outline of which is given above, sufficient to sustain a verdict that defendant was negligent, and that its negligence was the proximate cause of the injury?

Upon the question of defendant's negligence, or rather as to the liability of defendant to an infant trespasser who is injured, defendant seeks to bring the case within the rule that the owner or occupant of land owes no duty of care to a trespasser, be he infant or adult, except the duty to refrain from wilfully or wantonly injuring him. But the case, in our opinion, falls within a well-established exception

to this rule. The doctrine of the so-called "turntable cases" is applicable, as was held by this court in the dynamite case of Mattson v. Minnesota & North Wisconsin R. Co. 95 Minn. 477, 104 N. W. 443. The rule has been stated so many times and has been stated so clearly in the Mattson case that it is unnecessary to repeat it here.

Several reasons are urged to support defendant's argument that this doctrine does not apply to the facts in the case at bar. It is urged that the evidence does not justify a conclusion that defendant left the fuse caps in the shed, but we think it does.

It is argued that defendant used due care to conceal and guard the fuse caps when it locked the tool shed and fastened the windows. But in this we cannot concur, considering the high degree of care required of defendant respecting the care and custody of such a dangerous explosive, and the easy access to the box of caps through the hole under the shed.

It is sought to make a distinction between sticks of dynamite and these fuse caps. But undoubtedly the latter were highly explosive and very dangerous to children playing with them. They were clearly highly attractive, and it was natural to expect that young children whose curiosity or mischievous propensities led them into the shed would seize upon the caps as fine things to make a noise with, or as pretty playthings. It is true that the six-year-old plaintiff had no idea that the cap was explosive, and merely tried to flatten it out, but this does not seem an important feature. It was something new, bright and alluring, and something that was very dangerous in the hands of a six-year-old boy.

We think the evidence fully justified the jury in finding that defendant ought to have anticipated that children might enter the shed, get into the box of caps left exposed on a shelf, leave some of them around where they might be found by other children, and that injury might result. In other words, the finding that defendant was negligent is sustained by the evidence. While the facts are different, we think the case is not to be distinguished from the Mattson case.

The claim that defendant's negligence was not the proximate cause of the injury rests upon the proposition that there was an intervening, independent cause, to-wit: the act of the boys other than plaintiff in

bringing the caps out of the tool house and scattering them on the ground. We think this question is disposed of adversely to defendant's contention by what we have already said as to the duty of defendant to anticipate an accident such as happened. The negligence of defendant in leaving the fuse caps where it did was not a remote cause; at least it was a question for the jury, and properly submitted to it. The cases have been so many times reviewed that we need do no more than state our conclusion, which we think is amply sustained by many decisions of this court. The principle is that where several concurring acts or conditions, one of them a wrongful act or omission, produce an injury, such wrongful act or omission is to be regarded as the proximate cause of the injury, if it be one which might reasonably have been anticipated from such act or omission, and which would not have occurred without it. McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470; Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279. The instruction on the question of probable cause, which is assigned as error, was correct.

We find no error in the other instructions complained of. Our conclusion is that the order denying judgment notwithstanding the verdict, and denying a new trial, must be affirmed.

This brings us to the appeal of plaintiff from that part of the order granting a new trial on the issue of whether due notice had been given the city. The trial court held that there had been no proof of the due service of such notice on the proper city officials, and no waiver of such proof by defendant. But we think that under the pleadings it was not necessary to offer evidence of the giving of notice. The complaint alleged: "That on the 12th day of June, 1911, the plaintiff caused due notice of the time, place and manner and circumstances of the injuries to said John W. Vills to be given to the city council of city of Cloquet, and to the clerk and mayor of said city, pursuant to the provisions of law in such case made and provided." The answer: "Admits that the plaintiff caused a purported notice of injury, stating the time, place and manner and circumstances of said injury, to be given to the city council of the city of Cloquet and to the clerk and mayor of said city."

It seems to us that this admission must be construed as admitting the service of notice on the day alleged in the complaint. Perhaps it put in issue the sufficiency of the notice as to its contents, but it surely admitted its service on the council, clerk and mayor, and in the absence of words to indicate that the time of the service was called in question, we must hold that the admission dispensed with the necessity of proof of the due service of the notice. As to its contents, it was offered in evidence, received without objection, and was clearly sufficient. No point was made at any stage of the proceedings that the notice was not served as alleged in the complaint. We are satisfied that there was no good reason for granting a new trial on this issue, and the order granting such new trial must be reversed.

The order denying judgment notwithstanding the verdict and denying a new trial is affirmed. The order granting a new trial on the issue of notice to the city is reversed, with directions to the trial court to enter judgment on the verdict.