CITY OF LUBBOCK v. BAGWELL.
(No. 1402.)

(Court of Civil Appeals of Texas. Amarillo. Oct. 30, 1918. Rehearing Denied Nov. 20, 1918.)

1. EXPLOSIVES ☞8—PROXIMATE CAUSE—INJURY FROM EXPLOSIONS.

Where a nine year old boy was injured by the explosion of dynamite caps which he found on his father's premises, where they had been placed by the city's employés, so as to be accessible and attractive to children, the act of the employés was the proximate cause of the injury, notwithstanding that the injury occurred next day, while plaintiff was attempting to solder two of the caps together.

2. APPEAL AND ERROR ☞1060(4)—REVIEW —HARMLESS ERROR.

In a personal injury action due to an explosion of dynamite caps negligently disposed of by defendant's employés, argument by plaintiff's counsel, not sustained by evidence, that defendant knew the employés were negligent because it discharged them, is not reversible error, where verdict is not against weight of evidence.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by Stancil Bagwell, by his father as next friend, against the City of Lubbock. Judgment for plaintiff, and defendant appeals. Affirmed.

J. E. Vickers and Roscoe Wilson, both of Lubbock, for appellant.

Bean & Klett and W. H. Bledsoe, all of Lubbock, for appellee.

HUFF, C. J. Stancil Bagwell, by his father, next friend, sued the city of Lubbock for damages sustained by an injury received from the explosion of dynamite caps alleged to have been placed by the employés of appellant, so as to attract the attention of a child of the age of appellee. The city was

digging a ditch in the street by or near the home of appellant, for the purpose of placing therein a sewer for the city and for the convenience of the people thereof. The work was directed by a superintendent and foreman, and at the point near the premises of appellee's father it was necessary to excavate by the use of explosives. For this purpose dynamite and dynamite caps were purchased and used. At the end of the day's work the foreman placed a box of dynamite caps on the plate of a shed or chicken house belonging to the father of appellee and on his premises near an alley running back of the shed. The caps were in a red box, unlocked and placed on the plate of the shed about five feet and two inches from the ground. The appellee was a boy nine years old when he received the injury. He was out playing in the alley back of the shed, and the little red box attracted his attention. There were two meter boxes, one on top of the other, near the shed. These boxes were nearer to a lower shed than the chicken house. He got on the boxes, and from them got onto the lower shed, and from that one reached the box and opened it, finding about twenty dynamite caps, and he took therefrom two of the caps and placed them in his coat pocket. The next evening at home he tried to solder the two caps together by using a little rod of iron which he had heated, and in doing so exploded the caps, which tore off his hand, or lacerated it so that amputation at the wrist joint was necessary. His eye, face, and other portions of his body received injury, but not permanent. The boy says that he thought the caps were cartridge shells, and that he got the idea of soldering them from a plumber who had been at work on pipes in his father's house; that pieces of solder used by the plumber had been left, and he found it, and with the hot iron tried to solder them, when the explosion occurred. His father and mother were present in the room at the time, and just previous to the explosion the father had told the boy to stop playing in the fire. The boy stopped, and moved to another place, but continued his undertaking with the iron. The father and mother were both reading at the time, and did not know what the boy had, and did not know that he had the dynamite caps or had found them, or that he was trying to solder them. They appear not to have known that the employés of appellant had placed a box of caps on the house plate. The evidence is sufficient to show that the employés knew children were around the place. It was not far from the school which the children were then attending, and they passed the place where the work was being done frequently.

The first assignment is that the court erred in refusing to give specially requested charge No. 1, because (a) the undisputed facts show that the injury was too remote to have been anticipated by the defendant or its employés, and the question of remoteness is one of law and should not have been submitted to the jury; (b) under the undisputed facts a peremptory instruction should have been given for the defendant. Under this assignment appellant presents two propositions, which are substantially the same as the propositions in the assignment. The appellee objects to the consideration of this assignment, propositions and statements thereunder, because not briefed according to the rules. Some of the objections made are well taken, but we have concluded to consider the assignment.

Our Supreme Court has approved a definition of proximate cause formulated by the Supreme Court of the United States. Railroad Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256:

"But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

Our court also in that case quoted the following from Seale v. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602:

"If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken."

After the above quotations, Judge Gaines, for the court, said:

"It follows that, in our opinion, the question of probable cause ought to depend upon the further question whether a reasonably prudent man, in view of all the facts, would have anticipated the result—not necessarily the precise actual injury, but some like injury, produced by similar intervening agencies." Ry. Co. v. Bingham, 90 Tex. 223, 38 S. W. 162.

In the case of Ry. Co. v. McFadden, 89 Tex. 138, 33 S. W. 853, the carrier suffered cotton to remain on a compress platform, exposed to fire from passing engines, several days after it was compressed, which was found to be negligent. It was contended in that case such delay was not the proximate cause. The court in that case, after quoting from the Kellogg Case, supra, said:

"It ought to have been reasonably anticipated, under the circumstances, that the cotton would probably be destroyed by fire. It was negligence to leave it so exposed an unreasonable length of time, and we think the loss ought to be deemed a proximate result of that neglect."

It is said in the case of Wells v. Gallagher, 144 Ala. 363, 39 South. 747, 3 L. R. A. (N. S.) 759, 113 Am. St. Rep. 50, by the Alabama court:

"It is unimportant how long the bomb remained in the public alley, if it remained long enough to cause injury, and it is equally unimportant whether the plaintiff, a boy under fourteen years of age, exploded the bomb in the public alley, where it is alleged to have been negligently placed, or whether he carried it to an adjacent yard and there exploded it, and received the injury complained of. In either case the alleged injury is the proximate consequence of the alleged negligence."

See Vills v. Cloquet, 119 Minn. 277, 138 N. W. 33.

"The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury." Clark v. Du Pont, 94 Kan. 268, 146 Pac. 320, L. R. A. 1915E. 479, Ann. Cas. 1917B, 340.

In Moore v. Jefferson City Light, etc., Co., 163 Mo. App. 266, 146 S. W. 825, the court quotes from Sherman & Redfield, in part, the following:

"Proximity in point of time or space, however, is no part of the definition. That is of no importance, except as it may afford evidence for or against proximity of causation."

In the last case cited it appears the employé placed the explosive under the plaintiff's porch, which was held to have been negligent. This was exploded by a boy firing a Roman candle. It was contended that the boy exploding the Roman candle was the proximate cause. This contention was overruled by the court. In the instant case no complaint is urged to the jury's finding of negligence in placing the caps on the house plate of plaintiff. Having placed this dangerous explosive in such position as to be reached by an irresponsible child, and so as to attract his attention, he must have anticipated danger or probable injury to the boy or to some other child.

[1] It was not necessary for him to have anticipated the precise act that exploded the cap or the time in which it ought to occur. Time was of no importance or part of the proximate cause, further than it might be considered by the jury in connection with the other circumstances of the case in determining the proximate cause. The first assignment will be overruled.

The second assignment complains of the argument of counsel for appellee to the effect that the city council of Lubbock knew that the superintendent and foreman in charge of the work were negligent in placing the box of caps where they did because they immediately discharged such employés. The error assigned is that there was no evidence warranting such statement of discharge, and that the court permitted the argument of counsel, and refused to instruct the jury at the request of appellant not to consider it. The appellee insists that the assignment is not properly briefed. We are inclined to believe some of the objections made by appellee well taken. It is not shown by the assignment or statement that objections were made at the time of the argument, and the charge requested is not given, neither is the bill of exception taken set out in the statement, or a reference to the page of the transcript where it may be found. This court is left to find the bill, the charge requested, and the exception made, and to ascertain when the objection was made and when the

charge was requested and refused. Again, from the facts set out in the brief, we are unable to say there was no evidence to authorize the statement made by counsel. It would appear from the brief that no objection was made at the time of the argument that there was no evidence that the employés were discharged because of their negligence. In the submission of the case the court submitted no issue to the jury as to the negligence of the city council, but the issue submitted was whether the foreman was negligent in placing the caps on the house plate. As theretofore sugested there is no complaint to the finding of the jury that the foreman was negligent in so placing the caps. If the argument was improper, no injury on that issue is shown. The only effect the argument could have had would have been to induce the jury to find negligence on the part of the discharged employé. The jury's finding on that issue was not questioned on appeal; hence no injury is shown. The argument was not calculated to inflame the minds of the jury or to procure an excessive verdict. In other words, appellant stands in this court admitting that there was negligence by the foreman, as found by the jury, which is established by the evidence.

[2] It has always been the rule that a judgment will not be reversed on account of an improper argument unless the verdict is against the weight of the evidence. Ry. Co. v. Adams, 121 S. W. 876; Kettler v. O'Neil, 57 Tex. Civ. App. 568, 122 S. W. 900; Freeman v. Griewe, 143 S. W. 730; Ry. Co. v. Green, 183 S. W. 829.

The remaining assignments of error, in our judgment, present no ground for a reversal; in fact, most of them, if not all, are defectively briefed, and appellee earnestly insists that they should not be considered. The questions raised by them are on issues that have been frequently passed on by the courts of this state, and no useful purpose can be subserved by setting them out and discussing them. They will therefore be overruled and the judgment affirmed.