GULF, C. & S. F. RY. CO. v. BALLEW et ux.

No. 1058.

Court of Civil Appeals of Texas. Waco.

May 7, 1931.

Rehearing Denied June 4, 1931.

Lee, Lomax & Wren, of Fort Worth, and Irwin T. Ward, of Cleburne, for appellant.

Randell & Randell, of Sherman, Ocie Speer, of Austin, and O. O. Chrisman, of Cleburne, for appellees.

GALLAGHER, C. J.

Appellees, S. M. Ballew and wife, Lela Ballew, sued appellant, Gulf, Colorado & Santa Fé Railway Company, to recover damages for the death of their minor son, Chester G. Ballew, who was accidentally killed while a passenger on one of appellant's trains. Said train was run as a special from Cleburne to Temple, Tex., to carry the Cleburne high-school football team, its supporters and friends, to a football game to be played at the latter place. Said train consisted of two engines, baggage car and sixteen passenger coaches. The baggage car and the first and second coaches had been set apart for the use of the football players and the carriage of their equipment. Deceased was the assistant manager of the team and as such had occasion to pass over the platforms between the first and second coaches, and while doing so the train broke in two at that point, causing him to fall upon the track, where he was run over and instantly killed. There is no contention that he was guilty of any negligence contributing to his death. Just prior to the accident several young men, who were also passengers on the train desired to pass through the rear door of one of the coaches about the middle of the train, and finding the door locked, lowered the movable glass panel at the top thereof and attempted to crawl through such opening to the rear platform of such coach. One of them, in doing so, lost his balance, and to prevent his falling reached up and grabbed either the lever of the conductor's air brake valve located just above the door, or the cord attached thereto. The result of such action was to cause the almost instant application of the air brakes in emergency, which was followed by the breaking in two and parting of the train at the place where the deceased fell. The parting of the train was caused by the breaking of part of the coupling, called a knuckle. There was testimony tending to show that the same was worn and defective. There was also testimony that the use of two engines in pulling the train, which was long and heavily loaded, contributed to the breaking of the knuckle and the parting of the train. There was expert testimony to the effect that the breaking of the train was the inevitable result of the application of the brakes in emergency. There was also testimony that such application would not necessarily cause a break in the train.

The case was tried to a jury. Appellant requested a peremptory charge in its favor, which was refused. The case was submitted on special issues. The court first submitted the issue of whether the death of the deceased was the result of an unavoidable accident, and next, whether such death was proximately and solely due to the act of the passenger in causing an emergency application of the air brakes. The jury were in-structed in event of an affirmative answer to either of said issues, to return their verdict to the court without consideration of the other issues submitted. The jury, however, answered both said issues in the negative, and in response to further issues submitted, found that appellant failed to furnish the deceased a safe train to convey him as a passenger on the occasion in question; that the appliances used for coupling the cars that broke in two and parted were worn, defective, and insufficient in strength or power for the purpose for which they were used; that the use of the two engines coupled together in the way and manner they were used increased the shock or strain on the coupling apparatus, and that appellant used too many cars in said train, considering their kind and condition, for the safety of the deceased. The jury further found that each of said acts constituted negligence and was the proximate cause of the death of the deceased. The jury, in response to further issues, found that appellant was guilty of negligence in operating its train with two engines on that occasion and that such negligence was a proximate cause of the death of the deceased. The jury assessed appellees' damage at the aggregate sum of $10,580. The court rendered judgment against appellant in favor of appellees for recovery of the damages awarded.

## Opinion.

Appellant, by various assignments of error and propositions thereunder, contends that the uncontradicted evidence showed as a matter of law that the unauthorized and unexpected action of the passenger in seizing the lever or cord attached to the air valve, which action resulted in an emergency application of the brakes, was the sole proximate cause of the accident which resulted in the death of the deceased. The testimony showed without contradiction that the act of the passenger in seizing the lever or cord of the air valve resulted in the emergency application of the brakes; that one of the knuckles of a coupling broke and the train parted between the first and second coaches from the engine; that the deceased fell on the track and was run over and killed. The testimony further showed without dispute that said knuckle was of standard type and that the break therein was a new one. The testimony as to the condition of the knuckle was conflicting. Appellant's witness testified that he examined the broken knuckle and that there was no indication of any flaw, defect, or bad material. Appellees' witness testified that he examined the broken knuckle; that it had seen lots of service and was well worn; that it had been used until it was strained and that it had a sand crack where the break occurred. Appellant's expert witness testified that the emergency application of the brakes under the circumstances created a strain far

greater than could have been reasonably anticipated and greater than a new knuckle of standard type and perfect construction could withstand. Appellees' witness testified that under an emergency application of the air a train was liable to break in two if there was a weak point; that such application did not necessarily mean a break in the train, but that if there was a place too weak to support the strain, then the train would break in two at that point; that if there was no weak place there would not be a break in the train. There was also testimony that an emergency stop was one of the purposes of the air brake equipment. There was also testimony both from appellant's and appellees' witnesses that the use of two engines and the length and weight of the train greatly increased the strain on the couplings.

There may be two or more independent concurring proximate causes of one accident. While the accidental application by the passenger of the emergency air brake was admittedly a proximate cause of the accident in this case, it does not follow that negligence, if any, on the part of appellant in any of the matters above recited was only a remote cause, and not a concurring proximate cause at all. "Proximate cause" means such act wanting in ordinary care as actually aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause such as might reasonably have been contemplated as involving the result under the attending circumstances. Gonzales v. Galveston, 84 Tex. 3, 7, 19 S. W. 284, 31 Am. St. Rep. 17. The issue of concurring proximate causes was involved in the case of Gulf, C. & S. F. R. Co. v. McWhirter, 77 Tex. 356, 360, 14 S. W. 26, 27, 19 Am. St. Rep. 755. In that case the railway company negligently permitted a turntable to remain unfastened and unguarded. The injured party, a child of tender years, tried to climb upon the turntable, when some of the other children playing there gave it a push, catching his leg between the turntable and the ties, and mashing it. The railway company claimed that it was not liable if the party pushing the turntable was of sufficient age and intelligence to know the danger of revolving the same and to be responsible for his acts, and that in such case the negligence of the party pushing the turntable, and not its negligence in leaving it unfastened and unguarded, was the real cause of the injury. The Supreme Court, in passing upon such contention, said:

"Under the evidence and finding of the jury, it must be conceded that the negligence of appellant contributed to the injury; and, if it be conceded that the person who put the turn-table in motion was sui juris, this would not relieve appellant from liability though another party might also be liable.

"If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other. [Citing numerous authorities.]"

Such issue was further considered by our Supreme Court in Mexican Nat. R. Co. v. Mussette, 86 Tex. 708, 719, 26 S. W. 1075, 1079, 24 L. R. A. 642. In that case an engineer negligently left his engine, and while he was gone the fireman, who knew nothing of the working or mechanism of the engine, in some way put it in motion, resulting in an injury to one of the employees of the company. The court held that it was a question for the jury whether the negligence of the engineer was the proximate cause of the injury resulting from the starting of the engine. We quote from the opinion in that case as follows: "It frequently becomes difficult to determine the proximate cause of an injury, but it is ordinarily a question of fact to be determined by the court or jury trying a cause, whose finding will not be reversed on grounds purely theoretical. * * * 'The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise. Whether, in any given case, the act charged was negligent, and whether the injury suffered was, within the relation of cause and effect, legally attributable to it, are questions for the jury.' Lane v. Atlantic Works, 111 Mass. 139; Gonzales v. City of Galveston, 84 Tex. 3, 19 S. W. 284, 31 Am. St. Rep. 17; Jones v. George, 61 Tex. 346, 48 Am. Rep. 280; [St. Louis, A. & T.] Railway v. McKinsey, 78 Tex. 298, 14 S. W. 645, 22 Am. St. Rep. 54; Weick v. Lander, 75 Ill. 93. * * * Whether it ought to have been foreseen that an ignorant fireman might intentionally or inadvertently put it in motion, when under steam, and situated as was it, if he left the post assigned to him by his employer, was a question for the jury."

The same principle was announced and applied in the case of City of Waco v. Branch (Tex. Civ. App.) 8 S.W.(2d) 271, 276 (writ refused), and in Shippers Compress & Warehouse Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032, 1033 et seq. (writ refused). In the latter case numerous authorities were cited and reviewed. See, also, Exporters' & Traders' Compress & Warehouse Co. v. Hemphill (Tex. Civ. App.) 292 S. W. 599, 600, 601,

pars. 1 and 2 and 5 and 6, and authorities there cited; Wichita Falls Traction Co. v. Hibbs (Tex. Civ. App.) 211 S. W. 287, 288; U. S. Natural Gas Co. v. Hicks, 134 Ky. 12, 119 S. W. 166, 167, 168, 23 L. R. A. (N. S.) 249, 135 Am. St. Rep. 407; Iamurri· v. Saginaw City Gas Co., 148 Mich. 27, 111 N. W. 884, 886, 887; Harriman v. Pittsburgh, C. & St. L. R. Co., 45 Ohio St. 11, 12 N. E. 451, 460, 462, 4 Am. St. Rep. 507; Moore v. Jefferson City Light, Heat & Power Co., 163 Mo.· App. 266, 146 S. W. 825, 827, par. 3. Appellant, to maintain its contention that the accidental application of the air brake was the sole proximate cause of the injury, must show that such action entirely superseded its negligence in the matters above recited, and that it was in itself responsible for the injury and that it was of such a character that it could not have been foreseen or anticipated. The rule applicable is aptly expressed in Shippers Compress & Warehouse Co. v. Davidson, supra, as follows: "Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but, as a rule, these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such a character that they could not have been foreseen or anticipated by the wrongdoer. If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be the efficient cause of the injury."

█ The testimony raised an issue of appellant's negligence in assembling and operating in one train the baggage car and sixteen heavily loaded coaches, of excessive force arising from the use of two engines in pulling the same, and of a defective knuckle in the coupling which broke. There was also testimony tending to show that all the same contributed to produce the accident as proximate causes, within the legal definition of that term. The jury found in appellees' favor on all said issues. It is immaterial that such negligence might not have caused the accident without the intervening act of the passenger in making an accidental application of the emergency brake. Such action merely contributed a condition necessary to give the original negligence of appellant an injurious effect. It did not necessarily entirely supersede such negligence and become in itself solely responsible for the accident, nor was it, under the evidence in this case, necessarily of such a character as could not have been foreseen or anticipated. The testimony disclosed affirmatively that one of the purposes of the air equipment was for emergency application. Such equipment provided facilities for such application in the very car in which it was applied. The doctrine of foreseeableness does not require that the exact time, manner or occasion of the emergency application should have been anticipated. The testimony clearly raised the issue of whether such application by the passenger was merely a concurring and not the sole proximate cause of the death of the deceased. Such issue was submitted to the jury and its finding thereon was adverse to appellant's contention. Appellant makes no complaint of the manner in which such issue was submitted. Appellant's contention is therefore overruled.

█ Appellant presents a proposition in which it contends that the damages awarded appellees by the jury for the death of the deceased were excessive. The deceased was eighteen years old, and, according to the evidence, a splendid specimen of young manhood. He was a member of the junior class in the ·Cleburne high school. He was industrious and without vicious habits. He was devoted to his parents and expressed a purpose to qualify himself for employment as a telegrapher to enable him to care for them in their declining years. He had further declared that his father was getting too old to work, as a reason for his hastening to qualify himself for remunerative employment. While the testimony was vague, it indicated that the deceased was an only son and that contributions from him would probably be necessary for the maintenance of his parents in coming years. Appellees incurred an expense of $580 in funeral and burial expenses for the deceased. The jury assessed the damage of each of the appellees at $5,290, or an aggregate damage to appellees of $10,000 for the loss of the services and prospective contributions of the deceased. What will constitute a proper award of damages for the death of a minor child necessarily depends to a large extent upon the circumstances of the case. Absolute accuracy with respect to such damages cannot be attained. The assessment of the same is within the peculiar province of the jury. Baker v. Fields (Tex. Civ. App.) 236 S. W. 170, 171, and authorities there cited. The verdict in this case, while large, is not so large as to shock the conscience or to indicate that the jury in arriving at the amount awarded was actuated by improper motives. To disturb their finding as to the amount necessary to fairly compensate appellees for their loss would simply be to substitute our judgment for theirs. The amount so awarded is supported by the precedent of well considered cases in this state and elsewhere. Flippen-Prather Realty Co. v. Mather (Tex. Civ. App.) 207 S. W. 121, ·126, par. 11; Hines v. Richardson (Tex. Civ. App.) 232 S. W. 889, 891, par. 4; Oil Belt Power Co. v. Touchstone (Tex. Civ. App.) 266 S. W. 432, 440, par. 11; Houston Electric Co. v. Flattery (Tex. Civ. App.) 217 S. W. 950, 952. See, also, 2nd Parmele on Damage Verdicts, pp. 2211 et seq.

We have examined all the propositions presented by appellant as ground for reversal and have reached the conclusion that none of them require or justify such action. The judgment of the trial court is therefore affirmed.