### NELS P. FROEBERG v. GRANT SMITH and Others.[1]

November 6, 1908.

Nos. 15,770—(52).

**Negligence—Care of Dynamite.**

> The plaintiff was injured by an explosion of dynamite, by the alleged negligence of the defendants, while in their employ. Verdict for the plaintiff for $8,000. *Held*, that the evidence is sufficient to sustain the verdict, to the effect that defendants were guilty of negligence in the care of the dynamite, which was the proximate cause of plaintiff's injury; that the trial court made no reversible errors in its instructions to the jury; and, further, that the damages are not excessive.

Action in the district court for Ramsey county to recover $20,000, for personal injuries, alleged to have been caused by defendants' neg-

[1] Reported in 118 N. W. 57.

ligence in storing certain dynamite where plaintiff was employed. The case was tried before Hallam, J., and a jury which rendered a verdict in favor of plaintiff for $8,000. From an order denying defendants' motion for judgment notwithstanding the verdict or for a new trial, they appealed. Affirmed.

*Morton Barrows,* for appellants.

*John M. Cannon, James Manahan,* and *Jeffris & Howell,* for respondent.

START, C. J.

On February 8, 1906, the plaintiff was injured by an explosion of dynamite at the camp of the defendants, who were railroad contractors engaged in construction work, upon which he was employed, at Oakland, Nebraska. This action was brought in the district court of the county of Ramsey to recover the damages which the plaintiff sustained by reason of his injuries, which he alleged were caused by the defendants' negligence in care of the dynamite. The answer denied that the explosion and resulting injuries were due in any manner to the negligence of the defendants. Verdict for the plaintiff for $8,000, and the defendants appealed from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

1. The first contention of the defendants is that the trial court erred in denying their motion for a directed verdict in their favor, and also in denying their motion for judgment, for the reason that the plaintiff did not sustain the burden of proving that the defendants were negligent, as alleged, nor did he sustain the burden of establishing that his injury was caused by their negligence; or, in other words, that upon the record they are entitled to judgment absolute in their favor, because it discloses no evidence to sustain the finding of the jury that the defendants were guilty of any negligence which was the proximate cause of the plaintiff's injury.

The explosion of dynamite which injured the plaintiff in this case also injured his fellow servant, John Anderson, and an action was prosecuted on his behalf against the defendants on account of his injuries sustained by the explosion. The evidentiary facts as to the negligence of the defendants and as to the proximate cause of the

injury of Anderson are summarized in the opinion of this court in the case of Anderson v. Smith, 104 Minn. 40, 115 N. W. 743. Inasmuch as the evidence in the case at bar as to the defendants' negligence and as to the proximate cause of plaintiff's injury is practically the same as it was in the Anderson case, reference is here made to the opinion of the court in that case for a statement of what the evidence tended to prove. It was urged in the Anderson case that the defendants, upon the evidence, were entitled to have judgment in their favor directed for the same reasons that they urge in this case; but the court held, in effect, that the evidence was sufficient to sustain the finding of the jury that the defendants were negligent and that it was the proximate cause of Anderson's injury. We therefore deem it unnecessary to discuss the evidence in this case, and hold that it is sufficient to sustain the verdict, to the effect that the defendants were guilty of negligence which was the proximate cause of plaintiff's injury, and that the defendants' motion for judgment was rightly denied.

2. The defendants, in support of their motion for a new trial, urge that the trial court erred in its instructions to the jury and in its refusal of requested instructions relevant to the subject of proximate cause and the effect of the negligence of Anderson, if the jury so found, on plaintiff's right to recover.

The defendants requested the trial court to instruct the jury that: "If you find that the fire which caused the explosion of the dynamite at the time of the accident was set through the carelessness of John Anderson in dumping the live coals which he carried out of the tent just prior to the explosion, then your verdict must be for the defendant." The refusal to give this instruction is assigned as error. It raises the question whether the negligence of the defendants, in leaving twenty five pounds of dynamite unprotected in a wooden box in the rear of the tents and structures occupied by their employees, and eight feet therefrom, was a proximate cause of the plaintiff's injury by the explosion of the dynamite, if in fact one of their employees, the plaintiff's fellow servant, was careless in dumping live coals which set a fire which caused the explosion of the dynamite. On the hearing of the Anderson case, as in this case, the question of proximate cause was exhaustively discussed, and we held that: "The

gist of the defendants' alleged negligence and the proximate cause of the plaintiff's injury was not, as defendants seem to claim, the careless starting of the fire by some of their employees, but it was their act in leaving the unprotected dynamite where they did leave it. If it had not been there, the plaintiff would not have been injured, * * * in other words, the defendants' negligence created the conditions which caused the plaintiff's injuries and without which the accident could not have happened, hence it is immaterial how or by whom the fire was started, unless it was by the negligence of the plaintiff, for the proof is plenary that the box caught fire and exploded the dynamite, whereby the plaintiff was injured." See in this connection, Mattson v. Minnesota & N. W. Ry. Co., 95 Minn. 477, 104 N. W. 443, 70 L. R. A. 503, 111 Am. St. 483, and Anderson v. Settergren, 100 Minn. 294, 111 N. W. 279.

The negligence of Anderson in this case, if any, was not an independent intervening cause and the sole proximate cause of plaintiff's injury; but at most it was the negligence of a fellow servant which contributed to the plaintiff's injury, and in no manner affects the liability of the defendants. We hold that it was not error to refuse the requested instruction.

The assignments of error which are designated in the defendants' brief as special assignments one to five are severally directed to portions of the charge of the trial court relating to proximate, intervening, and concurrent causes, and the alleged negligence of the defendants. We have considered each of them with reference to the evidence and the entire charge. In view of the conclusions we have already stated with reference to the negligence of the defendants and its proximate relation to the plaintiff's injury, we deem it unnecessary to discuss such special assignments in detail, and hold that the charge of the trial court, taken as a whole, is free from any reversible error.

The defendants requested the court to give the following instructions:

1. "In determining whether the defendant used reasonable care in leaving this dynamite just outside of the boss' tent, you are charged that the defendant, Grant Smith & Company had a right to rely upon the assumption that all of the employees of Grant Smith & Company

including John Anderson, would use reasonable care not to set fire to any of the property of Grant Smith & Company."

2. "In determining whether the defendant, Grant Smith & Company exercised reasonable care in leaving this dynamite just outside of the boss' tent, you are charged that under the circumstances it was only necessary for them to consider the liability or probability of fire coming in contact with the dynamite."

The first one was liable to mislead the jury. The defendants were charged with a high degree of care, a care commensurate with the intrinsically dangerous character of the dynamite, to guard against injuries to their employees and others by it, and in the discharge of this duty they did not have the unqualified right to rely upon the assumption that its employees would use reasonable care not to set fire to any of their property. Again, the first request singled out a relatively unimportant matter, and emphasized it, which, if the request had been given, would have tended to minimize the degree of care defendants were bound to use. The second one was not only misleading, for reasons stated in considering the first request, but, further, the trial court could not rightly rule, as a matter of law, that it was only necessary for the defendants to consider the liability or probability of fire coming in contact with the dynamite. The act of the defendants, in leaving the dynamite where they did and in the manner they did, was an act imminently dangerous to the life or limb of their employees, and their duty in the premises could not be discharged by a consideration only of the liability or probability of fire coming in contact with the dynamite. There are ways of exploding dynamite other than by fire.

3. The last claim of the defendants is that the damages awarded are excessive. As a result of his injury, the plaintiff lost one eye, the sight of the other was weakened, and twelve teeth were knocked out. He also sustained serious injuries to his body and legs, which render it difficult for him to stand, or walk, or to work. He was a laboring man, fifty nine years old, and earning two dollars a day when he was injured. The award of damages, in our opinion, was not excessive.

Order affirmed.