## ABRAHAM JUNTTI v. OLIVER IRON MINING COMPANY.[1]

December 6, 1912.

Nos. 17,965—(66).

**Negligence — complaint sufficient.**

The complaint alleges in effect that the defendant left unguarded large quantities of carbide, a dangerous substance and attractive to children of tender years, on its premises near a public street, knowing that such children were accustomed to pick up the carbide, pour water upon it, whereby gas was generated, and then explode it by applying a light; that the plaintiff's son, five years old, secured some of the carbide so left by defendant, put it in a can, poured water on it, and in attempting to light the gas an explosion followed, whereby he was seriously injured. *Held,* that the complaint states facts sufficient to constitute a cause of action.

Action in the district court for St. Louis county by Abraham Juntti, for the benefit of his minor son, to recover $5,000 for per-

[1] Reported in 138 N. W. 673.

---

Note.—The authorities on the doctrine of "attractive nuisance" are collated in an elaborate note in 19 L.R.A.(N.S.) 1094 and in a supplemental note in 20 L.R.A.(N.S.) 903.

As to liability for injury to children from explosives left accessible to them, see notes in 14 L.R.A.(N.S.) 586 and 24 L.R.A.(N.S) 1257.

As to duty to guard against injury to trespassing children by fire, see note in 39 L.R.A.(N.S.) 1058.

sonal injuries. From an order, Dancer, J., overruling defendant's demurrer to the complaint, it appealed. Affirmed.

*Paul H. Welch,* for appellant.

*William E. Culkin* and *John E. Samuelson,* for respondent.

START, C. J.

This is an appeal from an order of the district court of the county of St. Louis overruling the defendant's demurrer to the complaint.

The action was brought by the plaintiff, for the benefit of his minor son, who, at the time of his injury by the alleged negligence of the defendant, was between five and six years old. The complaint, so far as here material, alleges in substance that at the times therein stated the defendant was engaged in the mining of iron ore at the city of Eveleth, this state, and used for the purpose of artificial lighting a substance known as carbide, which, when used in connection with water, produces vapors and gases of a highly inflammable character, and, when brought in contact with fire in any way, will explode, and is a highly and extremely dangerous substance. It is also, by reason of the gases and vapors that form from it when coming in contact with water, and the fact that, when fire is communicated to such gases in any way, it will burn and explode, highly attractive, alluring, and tempting to children of tender years, and extremely dangerous to them. Such children were in the habit of picking up the carbide so left exposed and unguarded, which they would place in cans and pour water upon for the purpose of producing gases, to the end that fire might be communicated to it whereby explosions would be created, all of which was well known to the defendant prior to the injury of the plaintiff's minor son. On and prior to October 6, 1911, the defendant carelessly and negligently allowed large quantities of carbide to be thrown and left by its employees upon its premises, and also in, upon, and near a public street of the city, wholly exposed and accessible to children of tender years, without guard of any kind, which was easily observed by them when in the street for play. On October 6, 1911, the plaintiff's minor son and a comrade of about his own age were playing in the street, and picked up a sheet iron can, which they there found, placed therein

a quantity of the carbide, so left exposed and unguarded by the defendant, and poured water into the can. As the water came in contact with the carbide, gases and vapors were generated, and, for the purpose of seeing the flame that would be produced, and of hearing the noise from the explosion which would be produced, by igniting such vapors and gases, and by reason of the youth and inexperience and want of judgment of plaintiff's minor son, he lit a match and attempted to light the gases, when suddenly a terrific explosion followed, throwing him into the air, burning his head, face, hands, and body, and otherwise injuring him.

The defendant here urges in support of its demurrer that the complaint fails to show any negligence on the part of the defendant, or any act on its part which was the proximate cause of the injury of plaintiff's son, and, further, that the complaint affirmatively shows that the plaintiff was guilty of contributory negligence. It is claimed in this connection, in effect, that the defendant's alleged acts in allowing large quantities of carbide to be thrown and left exposed and unguarded upon the premises, and on and near the public street, were neither negligent, nor the proximate cause of the injury to the child, because it appears from the allegations of the complaint that carbide is only dangerous when gases are formed by the action of water thereon, and when brought in contact with flame, and that the proximate cause of the injury was not any act of the defendant, but that of the child in pouring water upon the carbide and attempting to light the gases thereby generated.

This claim must be considered in connection with the allegation of the complaint to the effect that the defendant knew, prior to the accident, that children were accustomed to pick up the exposed carbide, pour water upon it, and explode the gas by lighting it. It is quite obvious that the defendant was guilty of negligence, if the allegations of the complaint be true, in leaving large quantities of carbide exposed and unguarded, for it is clear from such allegations that it ought, in the exercise of ordinary care, to have anticipated that children of tender years were liable to be injured thereby, especially so in view of its actual knowledge in the premises. We are unable to discern any difference in principle between the case made

by the allegations of the complaint herein and the cases of Mattson v. Minnesota & North Wisconsin R. Co. 95 Minn. 477, 104 N. W. 443, 70 L.R.A. 503, 111 Am. St. 483, 5 An. Cas. 498, and Vills v. City of Cloquet, supra, page 277, 138 N. W. 33.

In the last case cited the defendant was charged with negligence in storing explosive fuse caps, without taking sufficient precautions to prevent children from getting possession of them. The plaintiff's son, a child of tender years, got possession of one of the caps and proceeded to hammer it with a stone to flatten it out, when it exploded and injured him. It was held that the alleged negligence of the defendant and the proximate cause of the child's injuries were questions for the jury.

See, also, McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L.R.A.(N.S.) 190, and Froeberg v. Smith, 106 Minn. 72, 118 N. W. 57.

It is obvious that the complaint in this action does not show, as a matter of law, that the plaintiff or his child was guilty of contributory negligence. It follows that the complaint states facts sufficient to constitute a cause of action.

Order affirmed.