## WALLACE *v.* MATTHEWSON.

PER CURIAM. 1. In an action for damages the petition as amended alleged the following in substance: The defendant, being owner of a tract of land in a designated city, caused it to be subdivided, and a street to be excavated and opened to the public, so as to afford ingress and egress to a described lot. The property was advertised for sale, and the public generally was invited upon the premises for the purpose of inspection. The property was unenclosed and vacant, and used by children in the neighborhood as a playground, and had been continuously so used as long as one year without objection from the owner. Near the street, and in such position as to attract the attention of children playing on or near the premises or along the street, "the defendant through her agents and servants caused a box of dynamite caps to be left upon the" described lot, the same being dangerous explosives. The box was practically open, and left in such manner as to invite children to look into it and play with its contents. The defendant knew, or ought to have known by the exercise of ordinary care, that the box was so placed and would attract the attention of children who, carrying out their childish instincts, would handle and play with the contents. The plaintiff was a child about nine years of age. On account of his youth and inexperience, he did not know or understand the dangerous character of the contents of the box, and on a stated day, while playing with his playmates, went upon the property, discovered the box, and picked from it some of the caps and began to play with them, and, believing them not to be dangerous to handle, "began to hammer one" of them. While in his hand the cap exploded with great violence, causing injury and requiring the amputation of several of his fingers. Other allegations were that the defendant was negligent in the following particulars: (*a*) Through her agents and employees, in leaving the box of dynamite-caps upon the premises, when through her agents and employees' she was inviting the inspection of the premises generally. (*b*) In not keeping the premises in a safe manner and in a condition suited for the purpose for which they were thrown open to the public. (*c*) In failing to securely box the dangerous explosives, and in leaving them at a place on the premises where children, by implied consent of the defendant, were accustomed to be, the defendant knowing, by the use of ordinary care, that children were likely to handle and play with the contents of the box. *Held*, that it was erroneous to dismiss the petition on general demurrer. *Mills* v. *Central Ry. Co.*, 140 *Ga.* 181 (78 S. E. 816, 33 Ann. Cas. (1914C) 1098); *Powers v. Harlow*, 53 Mich. 507 (19 N. W. 257, 51 Am. R. 154); *Mattson v. Minn. &c. R. Co.*, 95 Minn. 477 (104 N. W. 443, 70 L. R. A. 503, and notes, 111 Am. St. R. 483, 5 Ann. Cas. 498, and notes); *Akin v. Bradley Engineering & Machinery Co.*, 48 Wash. 97 (92 Pac. 903, 14 L. R. A. (N. S.) 586, and notes); *Juntti v. Oliver Iron Mining Co.*, 119 Minn. 518 (138 N. W. 673, 42 L. R. A. (N. S.) 840, and notes); *Sandeen v. Tschider*, 205 Fed. 252 (123 C. C. A. 456); *Little v. James McCord Co.* (Texas), 151 S. W. 835 (2).

2. The grounds of special demurrer were not ruled upon by the trial court.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

FEBRUARY 22, 1915.

Action for damages. Before Judge Bell, Fulton superior court. October 23, 1913.

*R. B. Blackburn* and *Colquitt & Conyers*, for plaintiff.
*Robert C. & Philip H. Alston*, for defendant.