18305

Andre M. EVERETT by his Guardian Ad Litem, Robert J. Everett, Respondent, v. D. L. WHITE, Appellant

(140 S. E. (2d) 582)

*Messrs. Whaley & McCutchen* and *Donald v. Richardson, III,* of Columbia, *for Appellant,*

*Messrs. Monteith & Monteith,* of Columbia, *for Respondent,*

February 11, 1965.

BRAILSFORD, Justice.

This is an action to recover damages for personal injuries sustained by a five year old boy when he fell into a hole containing water, debris and other material. This hole had

been excavated by the defendant in the course of constructing a house at the site of the accident. The defendant demurred to the complaint for insufficiency of facts to state a cause of action and has appealed from an order of the circuit court overruling the demurrer.

We here summarize the complaint, which must be construed liberally in favor of the pleader[1] and sustained if the facts alleged, and inferences reasonably deducible therefrom, entitle plaintiff to relief on any theory of the case,[2] even though different from that on which he may have supposed himself entitled to recover.[3]

During the times referred to in the complaint, the defendant was engaged in the construction of a house. With his knowledge and consent, children from the neighborhood, including plaintiff, were accustomed to play on the work site. In the course of the construction, defendant excavated a hole about five feet long and between five and six feet deep, which he left open and exposed for a considerable period of time. This hole became "practically filled" with mud, water, slime and debris, creating a condition which the defendant knew, or should have known, was an attractive nuisance and a dangerous condition for minor children playing and using said lot with his permission and with his knowledge and consent. On March 13, 1963, the plaintiff and other children of the neighborhood were playing on said lot with the knowledge and consent of the defendant. While so doing, the plaintiff "fell in said hole" and became submerged under the mud, water and other materials accumulated therein. Before being rescued and revived, plaintiff lost consciousness and ceased to breathe, and has suffered serious and permanent after effects from his submersion. The conduct of the defendant in leaving this dangerous condition exposed on the premises where, to his knowledge and with his consent, children were accustomed to play and would likely

---

[1] Code of Laws 1962, Sec. 10-602.

[2] West's South Carolina Digest, Pleading, Key 204(2).

[3] *Tolbert v. Greenwood Cotton Mill*, 213 S. C. 43, 48 S. E. (2d) 599.

come in contact with it, and where, on March 13, 1963, he knew that plaintiff was playing, without taking any precaution to guard or give warning of the hazard or to avoid injury to him or to them, was negligent, reckless and willful and the proximate cause of plaintiff's injuries.

The defendant argues his appeal under two heads, contending that the complaint fails to state a cause of action under the attractive nuisance doctrine because, (1) the facts alleged show that the condition complained of was open and obvious, even to small children, involving no latent peril or hidden danger, and (2) no facts are alleged showing that plaintiff was *attracted* to the peril which caused his injury.

As to the first point, we disagree with defendant's contention that the condition described in the complaint did not involve the probability of injury to a child of immature judgment. It is inferable from the facts alleged that the appearance of the small hole, "practically filled" with water, mud and other material, would not have alerted a small child to the peril which it presented. Instead, these facts suggest that the appearance of the hole, especially to a small child, was that of an ordinary puddle, normally harmless to the child, although, in its effects, sometimes highly exasperating to the mother. We are satisfied that the complaint sufficiently alleges the existence on the premises of a hidden danger or peril involving unreasonable risk of injury to a small child.

Defendant's second point, which has been stated, rests upon the assumption that the complaint is demurrable unless the facts alleged state a cause of action under the attractive nuisance doctrine. This is a misconception, as has been seen, even if the pleader intended to invoke this doctrine as the foundation of plaintiff's right of recovery. Our true inquiry is whether the facts alleged state a cause of action against the defendant on any theory of tort liability. If so, the demurrer was properly overruled.

Parallel with the attractive nuisance doctrine, which has been adopted by this Court in a number of decisions, we have long recognized, under appropriate circumstances, a right of recovery for injuries to a child from a dangerous condition of premises although the element of attractiveness is absent and the child does not occupy the status of invitee or business visitor.

In *Franks v. Southern Cotton Oil Co.,* 78 S. C. 10, 58 S. E. 960, 12 L. R. A., N. S., 468, a complaint, based on attractive nuisance principles, for the death of a ten year old child by drowning in a reservoir maintained by the defendant was sustained against demurrer for insufficiency of facts. The opinion in Franks refers to our earlier decision in *Bridger v. Railroad Company,* 25 S. C. 24, as having followed "the doctrine announced in *Sioux City [& P. R. Co.], etc., v. Stout,* 17 Wall. (U. S.) 657, 21 L. Ed. 745; the first of what are known as the turntables cases, in which it was held that an infant could recover for an injury causing him damages as the result of a failure on the part of the railroad company to keep its turntable locked or properly guarded." 78 S. C. 13, 58 S. E. 960.

The *Bridger case* involved turntable injuries to a playing child and the submission of the question of liability to the jury was sustained, apparently on ordinary concepts of negligence and proximate cause. The court referred to several classes of cases in which "the question of negligence, such as would make the party in default responsible, may arise," including: "3d. Where the injury is inflicted by some instrumentality belonging to the defendant, not, however, at the time under the immediate direction of the defendant or his agent, but the injury is received by the party bringing himself in contact therewith, and in that way sustaining said injury." 25 S. C. 28. The issues arising in cases of this class were stated to be, "whether the instrumentality was in itself a dangerous one; whether being dangerous and capable of inflicting injury, it was located and left in an exposed place, unguarded and unprotected;

and especially whether the party injured was mentally incapable of knowing and appreciating the danger, either from want of age or otherwise, and of the impropriety of his intermeddling with it." 25 S. C. 29. The court did not rationalize the allowance of recovery on any theory of implied invitation arising from the attractiveness of the turntable. We quote its analysis of the evidence held to be sufficient to require submission of the case to the jury. "There was testimony that the turntable was a dangerous machine; that it was left and located in an exposed place, easily accessible, unguarded, unfenced, and unlocked; and that the plaintiff was of that age when he was incapable of understanding that he had no right to meddle with it, or of appreciating his danger. Whether this testimony was sufficient to sustain these necessary ingredients of the issue, it is not for us to say, nor was it for the Circuit Judge to say. He was compelled to hold that it was at least pertinent, and so holding, he was compelled to say also, let the case go to the jury." 25 S. C. 29.

While the decision in the *Franks case, supra,* 78 S. C. 10, 58 S. E. 960; is usually regarded as resting upon the attractive nuisance doctrine, the following excerpt from Thompson on Negligence, which states that doctrine and the alternative ground of recovery to which we have referred, was quoted with approval in the opinion:

" '* * * We now come to a class of decisions which hold the landowner liable in damages in the case of children injured by dangerous things suffered to exist unguarded on his premises, where they are accustomed to come with or without license. These decisions proceed on one or the other of two grounds: (1) That where the owner or occupier of grounds *brings or artificially creates* something thereon which from its nature is especially *attractive to children,* and which at the same time is dangerous to them, he is bound, in the exercise of social duty and the ordinary offices of humanity, to take reasonable pains to see that such dangerous things are so guarded that children will not be injured

by coming in contact with them. (2) That although the dangerous thing may not be what is termed an "attractive *nuisance*"—that is to say, may not have especial attraction for children by reason of their childish instincts—yet where it is so *left exposed* that they are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them, from its being so exposed, and is bound to take reasonable pains to guard it, so as to prevent injury to them.'" 78 S. C. 15, 58 S. E. 961.

The alternative grounds of recovery by children in premises liability cases, as stated in *Franks*, were recognized in *Sexton v. Noll Construction Co.,* 108 S. C. 516, 95 S. E. 129, and in *McLendon v. Hampton Cotton Mills Co.,* 109 S. C. 238, 95 S. E. 781, in both of which recovery was denied for reasons not applicable here. We quote from the former: "Although the instrumentality may not be attractive to children, nevertheless where it is so exposed that they are likely to come in contact with it, and the contact is such as would be obviously dangerous to an adult, he is also bound to exercise ordinary care for their protection. In other words, he is required reasonably to anticipate the injuries that are likely to happen to them." 95 S. E. 131. In *McLendon,* it was stated that the rule adopted in the *Franks case* "is based upon the just and humane principle that one who creates upon his own premises a thing which is naturally attractive to children and at the same time dangerous to them, or which, although it may not be especially attractive to them, yet if left exposed where they are likely to come in contact with it, and their doing so is fraught with obvious danger to them should anticipate their childish proclivities and exercise reasonable care to safeguard them from injury that otherwise would probably result." 95 S. E. 782.

The rule adduced was included in the charge to the jury in *Hart v. Union Mfg. & Power Co.,* 157 S. C. 174, 154 S. E. 118, and the instruction, taken from the foregoing

338

quotations, was approved by a majority of this court as being "in full accord with the decisions in this state." Mr. Justice Cothran dissented, adhering to the view that in premises liability cases, *"an infant tresspasser or licensee can only recover upon the theory of an attractive instrumentality."* This proposition in the dissent was based upon decisions from other jurisdictions and no attempt was made to reconcile the contrary rule stated in the *Franks case, supra,* 78 S. C. 10, 58 S. E. 960, and approved in the later decisions which have been cited.

The appellant cites *Hancock v. Aiken Mills,* 180 S. C. 93, 185 S. E. 188; and *Sexton v. Noll Construction Co.,* 108 S. C. 516, 95 S. E. 129, as supporting his position that the complaint is defective for failure to allege that plaintiff was attracted by the hazard which caused his injury. We have quoted an excerpt from the opinion in *Sexton* which demonstrates that it does not stand for this proposition. The *Hancock case* is difficult to classify because it was tried in the lower court solely on the attractive nuisance theory, although the facts were not at all appropriate to relief under this doctrine. The opinion lends support to the view that attraction by the hazard inflicting the injury is essential to recovery in a case tried solely upon the theory of attractive nuisance but it does not trench upon any other ground of recovery recognized by the prior decisions of this court.

We are satisfied that the complaint states a cause of action against the defendant based upon actionable negligence independently of those allegations which refer to the condition exposed by the defendant as an attractive nuisance. In addition to our own decisions which have been cited see 65 C. J. S. Negligence § 28; Prosser on Torts, 3d Edition, Sec. 59; Restatement of Torts, Sec. 339.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.