18574

Ruby LYNCH and Franklin Lynch, Co-Administrators of the Estate of Jimmy Ray Lynch, Respondent, v. MOTEL ENTERPRISES, INC., Trading as Holiday Inn of Florence, Appellant.

(151 S. E. (2d) 435)

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell*
and *C. Weston Houck,* of Florence, *for Appellant,*

*Messrs. Hyman & Morgan* and *Peter D. Hyman* and *Dusenbury, Dusenbury & McKenzie* and *Richard G. Dusenbury*, of Florence, *for Respondents,*

November 15, 1966.

BRAILSFORD, Justice.

On July 9, 1964, the lifeless body of Jimmy Lynch, a seven year old, mentally defective child, was found in the swimming pool of Holiday Inn of Florence, which was owned and operated by the defendant, Motel Enterprises, Inc. Drowning was the cause of death. This action was brought under Section 10-1951, Code of 1962, for the benefit of the child's surviving parents, and, after the death of the father, was continued for the benefit of the mother.[1]

---

1. We express no opinion as to whether the father's interest as a statutory beneficiary survived him.

The defendant appeals from a verdict and judgment in favor of plaintiff for $4,000.00 actual damages and $1,000-.00 punitive damages, assigning as error the refusal of its motion for judgment notwithstanding the verdict upon the several grounds on which that motion was based and on which a motion for the direction of a verdict had been made at the trial.

The complaint contained allegations appropriate to the recovery of damages for the death of the child on the theory that the pool was an "attractive nuisance", and on the alternative theory of recovery for injuries to children in premises liability cases stated in *Franks v. Southern Cotton Oil Co.,* 78 S. C. 10, 58 S. E. 960, 12 L. R. A., N. S., 468, and in subsequent decisions which have recently been applied by this court in *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582. The answer of the defendant denied the allegations of the complaint charging it with responsibility for the death of the child, and pled that the parents were guilty of contributory negligence and willfulness in failing to exercise proper parental control over the child and in allowing him to "run loose" on the streets of Florence.

We are committed to the view that the owner or occupier of land may be liable for injuries to children of tender years, whether licensees or trespassers, in either of two situations. We quote from *Everett, supra,* 245 S. C. 331, 140 S. E. (2d) 582:

"While the decision in the *Franks* case, *supra,* 78 S. C. 10, 58 S. E. 960, is usually regarded as resting upon the attractive nuisance doctrine, the following excerpt from Thompson on Negligence, which states that doctrine and the alternative ground of recovery to which we have referred, was quoted with approval in the opinion:

" ' "* * * We now come to a class of decisions which hold the landowner liable in damages in the case of children injured by dangerous things suffered to exist unguarded on his premises, where they are accustomed to come with

or without license. These decisions proceed on one or the other of two grounds: (1) That where the owner or occupier of grounds *brings or artifically creates* something thereon which from its nature is especially *attractive to children,* and which at the same time is dangerous to them, he is bound, in the exercise of social duty and the ordinary offices of humanity, to take reasonable pains to see that such dangerous things are so guarded that children will not be injured by coming in contact with them. (2) That although the dangerous thing may not be what is termed an *'attractive nuisance'*—that is to say, may not have especial attraction for children by reason of their childish instincts—yet where it is so *left exposed* that they are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to hapen to them, from its being so exposed, and is bound to take reasonable pains to guard it, so as to prevent injury to them." ' " 245 S. C. 336, 337, 140 S. E. (2d) 585.

The defendant contends, with strong support in the record, that the action was prosecuted in the lower court solely on the "attractive nuisance" doctrine. However, the alternative theory of liability applied in *Everett, supra,* was submitted to the jury, without objection at the trial, and no exception has been taken to the instructions. Hence, under the law of the case, the defendant's motions were properly overruled if the evidence was sufficient to raise a jury issue on either theory of liability.

The defendant urges that the evidence establishes its nonliability as a matter of law for the folowing reasons: (1) The pool was not a dangerous instrumentality because there was no latent or hidden danger; such peril as existed was open and obvious, even to a child. (2) The pool was not sufficiently open, exposed and accessible to constitute an attractive nuisance. (3) There was no proof that the child was attracted to defendant's premises by the pool. (4) The

defendant exercised reasonable care to safeguard the child and others in his situation from such peril as the pool presented. (5) The mother was guilty of contributory negligence and recklessness.

Viewing the evidence in the light most favorable to plaintiff, as is required in passing upon the issues presented, we are satisfied that the trial judge did not err in submitting the case to the jury.

The court could not soundly have ruled as a matter of law that the danger of drowning in the waters of the pool was open and obvious to a child of tender years. It was for the jury to say whether, under all of the circumstances, the pool presented an unreasonable risk of harm to such a child and whether such danger would have been appreciated by him. *Franks v. Southern Cotton Oil Co.,* 78 S. C. 10, 58 S. E. 960, 12 L. R. A., N. S., 468.

While the pool is surrounded on three sides by the motel building and a restaurant, it is open to a busy street (Dargan) on the fourth side. It is clearly visible from the public sidewalks, some eighty feet away, from which it is separated only by a parking lot. A church, school and playground, where children may be expected to congregate are located nearby. Furthermore, the defendant's employees knew that Jimmy Lynch was accustomed to come upon the motel premises with other children who sold peanuts. The jury could reasonably find from the evidence that Jimmy was known to have been around the pool on several occasions and to have been in the pool at least twice before he was drowned. The president of the defendant corporation testified that paper boys and peanut boys were permitted to come upon the motel premises to make sales, if they didn't stay too long or irritate the customers. Clearly, the court could not have denied recovery as a matter of law on the ground that the pool was not open, exposed and accessible.

We are satisfied that the evidence was sufficient to have warranted an inference that Jimmy was attracted by the pool. However, as has already been

pointed out, this is not a prerequisite to recovery under the law of this case. Furthermore, the "attraction" theory, which has been discredited in most jurisdictions, is of little practical importance under the rule applied in *Everett, supra,* 245 S. C. 331, 140 S. E. (2d) 582. See Prosser on Torts, 3d Edition, Section 59, p. 374; Restatement of Torts, Section 339.

The evidence, which it would serve no useful purpose to review, clearly raised issues for the jury as to whether the defendant's agents and servants exercised reasonable care under the circumstances, or whether they were guilty of negligence or willfulness, and as to whether the mother of the child was guilty of contributory willfulness.

Affirmed.

Moss, C. J., Lewis and Bussey, JJ., and Lionel K. Legge, Acting J., concur.

