### 18949

Lewis D. KIRVEN, JR., by His Guardian ad Litem, Lewis D. Kirven, Sr., Appellant, v. C. B. ASKINS and Richard McCrary Rhodes, a Minor under the age of Fourteen Years, of whom C. B. Askins is, Respondent.

(169 S. E. (2d) 139)

*Messrs. Henry Hammer* and *Isadore S. Bernstein,* of Columbia, and *James P. Mozingo, III, D. Kenneth Baker* and *John P. Gardner,* of Darlington, *for Appellant,*

*Messrs. Bridges & Whisenhunt and Saunders M. Bridges,* of Florence, and *Paulling & James* and *Albert L. James, Jr.,* of Darlington, *for Respondent, C. B. Askins,*

July 31, 1969.

Moss, Chief Justice.

Lewis D. Kirven, Jr., by his guardian *ad litem*, the appellant herein, instituted this action against C. B. Askins, the respondent herein, and Richard McCray Rhodes, a minor, to recover damages for an injury to his eye, resulting from being struck by a clod of dirt or clay thrown by Rhodes while on premises under the control of the respondent. It is alleged that the injury to the appellant was caused by the negligence of the respondent in failing to exercise due care when he knew that children were accustomed to come upon said premises and engage in rock and clod throwing which created a situation dangerous for children, who would not realize or appreciate the danger.

The answer of the defendant Rhodes admitted that he threw a clod of dirt which struck the appellant and alleged that such was unintentional and an accident. The amended answer of the respondent contained a general denial and alleged that the injury to the appellant was the result of an accident and his contributory negligence and assumption of risk.

This case came on for trial before The Honorable James A. Spruill, Jr., presiding judge, and a jury, at the 1966 May Term of the Court of Common Pleas for Darlington County. At appropriate stages of the trial, the respondent made motions for a nonsuit and directed verdict. These motions were refused and the case was submitted to the jury which rendered a verdict in favor of the defendant Rhodes

and one for actual damages in favor of the appellant against the respondent. Following the verdict, the respondent made a motion for judgment *non obstante veredicto* upon the same ground as his previous motions for a nonsuit and directed verdict, such being that there was no evidence to support a verdict against him under either the attractive nuisance doctrine or under the· doctrine stated in the case of *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582. This motion was granted and the motion of the appellant for a new trial, as to the defendant Rhodes, was denied. The appellant is now appealing from the order granting judgment *non obstante veredicto* but does not appeal from so much of the order as refused appellant's motion for a new trial as against the defendant Rhodes.

The respondent, on May 15, 1963, was in the process of constructing, pursuant to a written contract, a City Hall building for and on land owned by the City of Darlington and was in the possession and control of the construction site. In the course of the construction the respondent had done certain excavation work, resulting in piles of clay being on the premises, some being in the form of clods. It appears that children played on the construction site and such fact was known to the respondent. The premises was not barricaded or fenced. There is testimony that there were warning and no trespass signs posted about the site but some of the witnesses did not recall seeing such signs.

The record shows that on the afternoon of May 15, 1963, a marble tournament was being held at the Darlington Recreation Center, located on an adjoining lot to the City Hall site. The director of the Recreation Center noticed two young boys, one of them being the defendant Rhodes, then ten years of age, playing on a crane located on the construction cite. The Recretation Center director asked a boy present at the marble tournament to go to the adjacent lot and tell Rhodes and his companion to get down from the crane on which they were climbing. The minor appellant, then twelve years of age, accompanied the boy who had

been told to go to the construction site by the director. As the appellant and his companion approached the construction site where the defendant Rhodes and his companion were, a number of clods were thrown back and forth. There is no testimony that the appellant threw any clods but it is unquestioned that the other boys did. One of the clods thrown by Rhodes struck the appellant in his eye inflicting injury. There is evidence of prior clod throwing but no evidence of boys throwing clods at each other before the incident in question. There is no evidence that the boys involved in this incident were attracted to the construction site by the desire to throw clods. It is undisputed that the appellant and his companion went to the construction site for the express purpose of telling Rhodes and his companion to get down from the crane on which they were climbing. The injury to the appellant occurred in the afternoon after the employees of the respondent had finished work for the day and left the construction site.

The question for decision in this case is whether there is any basis under the factual situation revealed by this record for the recovery of damages in behalf of the appellant, either on the theory of an attractive nuisance or under the rule laid down in the case of *Everett v. White*. In the recent case of *Lynch v. Motel Enterprises, Inc.*, 248 S. C. 490, 151 S. E. (2d) 435, this court said:

"We are committed to the view that the owner or occupier of land may be liable for injuries to children of tender years, whether licensees or trespassers, in either of two situations. We quote from *Everett, supra,* 245 S. C. 331, 140 S. E. (2d) 582:

" 'While the decision in the *Franks case, supra* [*Franks v. Southern Cotton Oil Co.*], 78 S. C. 10, 58 S. E. 960, 12 L. R. A., N.S., 468, is usually regarded as resting upon the attractive nuisance doctrine, the following excerpt from Thompson on Negligence, which states that doctrine and the alternative ground of recovery to which we have referred, was quoted with approval in the opinion:

" ' "* * * We now come to a class of decisions which hold the landowner liable in damages in the case of children injured by dangerous things suffered to exist unguarded on his premises, where they are accustomed to come with or without license. These decisions proceed on one or the other of two grounds: (1) That where the owner or occupier of grounds brings or artificially creates something thereon which from its nature is especially attractive to children, and which at the same time is dangerous to them, he is bound, in the exercise of social duty and the ordinary offices of humanity, to take reasonable pains to see that such dangerous things are so guarded that children will not be injured by coming in contact with them. (2) That although the dangerous thing may not be what is termed an 'attractive nuisance'—that is to say, may not have especial attraction for children by reason of their childish instincts—yet where it is so left exposed that they are likely to come in contact with it, and where their coming in contact with it is obviously dangerous to them, the person so exposing the dangerous thing should reasonably anticipate the injury that is likely to happen to them, from its being so exposed, and is bound to take reasonable pains to guard it, so as to prevent injury to them." ' "

Whether the appellant is proceeding under the attractive nuisance doctrine or the alternative ground of recovery stated in *Everett v. White,* the decisive question is whether the clods of dirt were unreasonably dangerous to children and whether the appellant knew this to be so or reasonably should have known it.

In the case of *Camp v. Peel,* 33 Cal. App. (2d) 612, 92 P. (2d) 428, it appears that a number of children were playing in and around the school building under construction, some of them playing in sand piles around the building and others throwing rocks. A few of the children climbed up to the scaffolding within the building and from a position thereon commenced to throw around lime putty that had been left on the scaffolding by employees of the

defendant, some of which struck and injured the face of the plaintiff, an eight year old girl, who was standing on the ground floor of the building. The court held that even though the building was attractive to children, that the lime putty left on the scaffolding of the building was not inherently dangerous and that the leaving of such did not create a dangerous situation.

In *Latta v. Brooks,* 293 Ky. 346, 169 S. W. (2d) 7, it appears that a group of children, including the plaintiff, a boy of five and one-half years old, frequently played in the yard of the premises where a house was under construction. On the day of the injury to the plaintiff, the children went into a garage on the premises where lime was stored and while they were there unslacked lime was thrown at the plaintiff by one of the boys, injuring his eyes. The court held that ordinary unlsacked building lime could not be classified as a dangerous substance or instrumentality and, therefore, did not justify the application of the attractive nuisance doctrine. The case of *Massino v. Smaglick,* 3 Wis. (2d) 607, 89 N. W. (2d) 223, was an action against the owner of realty and the foreman of the carpenters engaged in building a house thereon for the injury to a nine year old plaintiff when struck in the eye by a piece of material trimmed by the carpenter from a composition shingle, which said piece was thrown from the roof by an older boy. The motion of the defendant for a directed verdict was granted and on appeal this was affirmed, the court holding that the piece of material trimmed from the shingle was not inherently dangerous.

The case of *Landman v. M. Susan & Associates, Inc.,* 63 Ill. App. (2d) 292, 211 N. E. (2d) 407, was an action to recover damages for injury to the eye of a twelve year old boy which resulted from sand thrown by a playmate while they were playing in a sand pile at a construction site. The trial judge sustained the motion of the defendants to dismiss and enter judgment on the pleadings in their favor. In affirming the dismissal of the complaint, the court said:

"An essential element of liability is missing in the present case, since the injury was not the result of any hazard or danger inherent in the pile of sand, in its substance, or in its location.  * * *

"We agree that it may be foreseeable that children playing with sand will throw it at each other. The same is true as to anything a child plays with that is throwable, but if the object thrown is not inherently dangerous, harm is not reasonably foreseeable. Moreover, we believe reasonable men would agree with defendants that 'to hold that the sand pile in this case could be a source of liability would place an unreasonable burden not only upon private owners of land but also upon municipal corporations and the state as owners of public parks and beaches where children play and throw sand which does not differ from the sand in the case at bar. * * *"

The clod of dirt in the instant case is readily comparable to the lime putty, the unslacked lime, the piece of shingle, pile of sand and, like the items mentioned, was not a dangerous thing or instrumentality as is required to establish liability under either the attractive nuisance doctrine or the alternate ground of recovery stated in *Everett v. White.*

In order that liability may be imposed under the attractive nuisance doctrine it is necessary that the condition or instrumentality which caused the injury, should have actually attracted the child into danger. It follows that the doctrine is not applicable where the injured child went into the dangerous situation for some other reason. In *Hancock v. Aiken Mills, Inc.,* 180 S. C. 93, 185 S. E. 188, we held that unless the child goes on the property by reason of the temptation of the very instrumentality, which is held to be the attractive nuisance, he cannot recover. Here, the appellant was not attracted to the premises of the respondent by reason of the presence thereon of either the pile of dirt or clods of clay.

A clod of dirt was not a dangerous thing or instrumentality and it follows that the appellant was not entitled to

recover either under the attracive nuisance doctrine or the rule laid down in *Everett v. White.* To permit a recovery would be extending the attractive nuisance doctrine or the rule in *Everett v. White* entirely too far to apply such to a commonplace object such as a clod of dirt which is usually found around one's yard, garden, field, or where any construction work is being performed.

It is our conclusion, under the authorities cited, that there is no evidence in this case to support a verdict against the respondent under either the attractive nuisance doctrine or the alternate rule stated in *Everett v. White.* It follows that the trial judge properly granted the motion of the respondent for judgment *non obstante veredicto.*

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., and LOUIS ROSEN, Acting Associate Justice, concur.