19482

Glenda S. BYRD, Administratrix of the Estate of Rudolph Larue Sturgeon, III, Appellant, v. Martha Lovvorn MELTON et al., Respondents.

(191 S. E. (2d) 515)

272

*Harvey L. Golden, Esq.,* of Columbia, *for Plaintiff-Appellant,*

*Messrs. Edward W. Laney, III,, of Turner, Padget Graham & Laney, Frank L. Taylor, Jr., Edwin Belser, of Belser and Kemmerlin, Thomas E. McCutchen, of Whaley, McCutchen, Blanton and Richardson,* and *William L. Pope, of Robinson, McFadden, Moore & Pope,* all of Columbia, *for Respondents,*

September 12, 1972.

LEWIS, Justice.

This action was instituted to recover for the alleged wrongful death of Rudolph Larue Sturgeon, III, a minor,

six years of age. The infant drowned in a branch or drainage ditch which crossed a three acre tract of land in which the defendants own interests. This appeal is from an order of the lower court granting defendants' motion for summary judgment.

The complaint of the plaintiff-appellant sought to base liability upon the maintenance by respondents of either (1) an attractive nuisance or (2) an unguarded dangerous condition on their premises, both recognized in this State as imposing liability, under certain conditions, on an owner of property for injuries sustained thereon by trespassing children. *Lynch v. Motel Enterprises, Inc.,* 248 S. C. 490, 151 S. E. (2d) 435; *Everett v. White,* 245 S. C. 331, 140 S. E. (2d) 582.

The lower court concluded that the drainage ditch or branch in which the infant drowned was a natural watercourse and that, since death was caused by a natural condition of the land as distinguished from one artificially created, the respondents as owners of the lands across which the stream flowed were not responsible under either of the asserted theories of liability.

The motion for summary judgment was heard on depositions of the parties, together with several affidavits and various exhibits. The facts are not in dispute and we follow largely the order of the lower court in our statement of those material to the issues to be decided.

The deceased infant lived with his mother and stepfather on South Ott Road in the City of Columbia. The fenced backyard of their home adjoined the lands of the respondents and was near the stream in question. On November 6, 1969, the date of the accident, the deceased escaped from the backyard of the home, where he had been left to play, and wandered onto the property of the respondents. His body was subsequently recovered from the waters of the branch, where it crosses respondents' property, several hundred feet from the backyard of the infant's home.

The place where the infant drowned was a hole in the bed of the stream, which had eroded deeper than the adjoining area. The evidence is undisputed that the increased depth of the stream bed at the location of the accident was due solely to natural erosion and was not created by any act of respondents or their predecessors in title.

The property of respondents consists of approximately three acres of undeveloped land which is divided and rendered commercially unusable because of the channel cut across it by the stream in question. The tract of land is bounded on two sides by public streets, on another by the backyards of several residences, and on the other by undeveloped land owned by other persons. The channel of the steam crosses the length of respondents' property, a distance of 1,200 feet, and is approximately ten feet deep and ten feet wide throughout its course. The three acre tract is described in the public records as situate on either side of a drainage ditch.

The stream in question, shown on old maps, begins some distance north of respondents' property, crosses it, and empties into the Congaree River, a distance of several miles. It has over the years served as the natural drainage course for approximately 350 acres of land within the City of Columbia, and is considered a vital part of the natural drainage system of the City.

The volume of water flowing through the stream varies from a trickle to a depth, at times, of eight (8) feet, depending upon the amount of rainfall. A substantial portion of the channel lying north of respondents' property has been piped and covered over by the City of Columbia. However, the size of the pipe increases as it approaches respondents' property and there is testimony that it was not feasible to further pipe and cover the stream. Indicative of the volume of water passing through it is the fact that two 60 inch pipes have been installed under the street where the stream enters respondents' lands.

There is no allegation or proof that respondents, their predecessors in title, or others have in any way, by excavation or otherwise, altered the natural condition of the stream. The width, depth, and condition of the bed and channel of the stream across respondents' property was due entirely to the natural flow of the water.

Under the foregoing facts, the lower court properly held that there was no factual issue for determination as to the nature of the stream in which the infant was drowned. The evidence conclusively established that the stream was a natural watercourse. See: *Johnson v. Williams,* 238 S. C. 623, 121 S. E. (2d) 223.

The question then is whether, under any asserted theory, the landowners may be held liable for the death of the infant from drowning in the natural watercourse flowing through the property.

■ The authorities appear to be in general agreement that, as a general rule, liability is imposed on a landowner for physical harm to trespassing children only where the injury is caused by an artificial condition upon the land. See: *Restatement of Torts,* (2d), Section 339; 62 Am. Jur. (2d), Premises Liability, Section 148; 65 C. J. S. Negligence § 63(82) ; *Fitch v. Selwyn Village, Inc.,* 234 N. C. 632, 68 S. E. (2d) 255.

While apparently we have not heretofore considered the specific question; our prior decisions have recognized the foregoing principle in the statement of the rules governing liability in such cases. *Everett v. White, supra.*

■ The facts justify the application of the foregoing general rule in this case. Respondents did not control, create or maintain the condition from which death resulted. The stream was a natural watercourse, forming a part of the natural drainage system of the City of Columbia, and its condition, including the hole in which the infant drowned, was due solely to the natural flow of the water over a long period of time.

In addition, the condition in question was one which the landowners could not feasibly guard against. The City of Columbia considered further piping and covering of the stream but found that it was not feasible. This is a natural watercourse. There are many such over the State of South Carolina. As reasoned by some of the authorities, to require riparian owners along the rivers, creeks, and branches in this State to construct boy-proof fences or take other effective precautions to restrain children from coming upon their lands adjacent to such streams would impose upon such owners an oppressive and unbearable expense.

A few years before the present accident a number of the residents of the area addressed a petition to respondents stating that they considered the stream in question a safety and health hazard and asked that the condition be remedied. A similar request to the City of Columbia was denied. Respondents, in reply to the petition, informed the residents that the stream was a part of the City drainage system, that they too were concerned about the matter, and had also requested the City to remedy the situation.

Appellant takes the position that the foregoing notice to respondents of the danger from the stream created a duty on their part to provide reasonably adequate protection against injury. There is no merit in the contention. There was no legal duty on respondents with reference to the natural condition and, under the present facts, the mere notice or knowledge of the condition created no liability on their part where none otherwise existed under the law.

The lower court properly concluded that there was no genuine issue as to any material fact and that respondents were entitled to judgment as a matter of law.

Judgment affirmed.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.